UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BARRY K. BROWN,<br><br>                Plaintiff,<br><br>    v.<br><br>COUNTRYWIDE HOME LOANS, INC., a California corporation; BANK OF AMERICA, N.A., a national bank doing business in Washington state; NORTHWEST TRUSTEE SERVICES, INC., a trustee doing business in Washington state; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., aka MERS, a corporation doing business in Washington state; FIRST AMERICAN TITLE COMPANY, successor in interest to Pacific Northwest Title Company, a Trustee doing business in Washington state; NATIONSTAR MORTGAGE, LLC, a limited liability company; EQUIFAX, TRANSUNION and EXPERIAN, jointly as Credit Reporting Agencies, and DOES 1-100, inclusively and All Persons Unknown, Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or Interest In The Property Described In The Complaint Adverse To Plaintiff's Title, Or Any Cloud On Plaintiff's Title Thereto,<br><br>                Defendants. | No.  2:15-CV-0199-SMJ<br><br>**ORDER DISMISSING CREDIT REPORTING AGENCIES AS DEFENDANTS WITH PREJUDICE** |

ORDER **-** 1

Before the Court, without oral argument, is Defendant Transunion LLC Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim, ECF No. 7, in which Defendants Equifax Information Services, LLC and Experian Information Solutions, Inc. join. ECF No. 11; ECF No. 16. Having reviewed the pleadings and the file in this matter, the Court is fully informed and grants the motions.

Defendants Transunion, Equifax, and Experian (collectively the "credit reporting agencies") argue that dismissal of the claims against them is required because Plaintiff articulates a legal dispute with Bank of America as to whether a novated mortgage agreement was created for which the Ninth Circuit has held that credit reporting agencies are not liable. ECF No. 7 (citing *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 892 (9th Cir. 2010)). The credit reporting agencies also note that the Plaintiff's complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, another basis for dismissal. Plaintiff has not filed a response to any of these motions.

In *Carvalho*, a woman sued a collections agency and three credit reporting agencies under the California Consumer Credit Reporting Agencies Act after a medical debt she believed her insurance was responsible appeared on her credit report. Before filing suit, she requested reinvestigation of the debt several times and the credit agencies verified it with the collections agency. The district court

granted summary judgment in favor of the credit agencies and denied the woman's request to amend her complaint to add violations of the Fair Credit Reporting Act. The Ninth Circuit upheld the district court's order, finding that since credit agencies are third parties to the underlying debt, reinvestigation claims are not the proper vehicle for collaterally attacking the legal validity of consumer debts.

> We agree that reinvestigation claims are not the proper vehicle for collaterally attacking the legal validity of consumer debts. "With respect to the accuracy of disputed information, the CRA is a third party, lacking any direct relationship with the consumer, and its responsibility is to 're investigate' a matter once already investigated in the first place."

*Carvalho,* 629 F.3d at 892 (internal citations omitted). The Ninth Circuit went on to state that the legal validity of a debt is a question for a court to determine in a suit between the creditor and the consumer.

> [A] consumer disputing the legal validity of a debt that appears on her credit report should first attempt to resolve the matter directly with the creditor or furnisher, which "stands in a far better position to make a thorough investigation of a disputed debt than the CRA does on reinvestigation." A CRA is not required as part of its reinvestigation duties to provide a legal opinion on the merits. Indeed, determining whether the consumer has a valid defense "is a question for a court to resolve in a suit against the [creditor,] not a job imposed upon consumer reporting agencies by the FCRA." Nor is a CRA obligated not to report any information about the disputed item simply because the consumer asserts a legal defense. "[T]he very economic purpose for credit reporting companies would be significantly vitiated if they shaded every credit history in their files in the best possible light for the consumer."

ORDER - 3

1 *Carvalho,* 629 F.3d at 892 (internal citations omitted).

2 The Court agrees that the complaint fails to state a claim against the credit
3 reporting agencies. *Carvalho,* 629 F.3d at 892. The complaint is not particularly
4 clear on what Plaintiff believes the credit reporting agencies did wrong. But it is
5 clear that here, as in *Carvalho*, the dispute is with the creditor. The credit
6 reporting agencies are not liable under these circumstances.

7 Accordingly, **IT IS HEREBY ORDERED**:

8 **1.** Defendant Trans Union's Motion to Dismiss Plaintiff's Complaint for
9 Failure to State a Claim, **ECF No. 7**, is **GRANTED**.

10 **2.** Defendant Equifax's Motion to Dismiss for Failure to State a Claim,
11 **ECF No. 11**, is **GRANTED**.

12 **3.** Defendant Experian's Motion to Dismiss Plaintiff's Complaint, **ECF**
13 **No. 16**, is **GRANTED**.

14 **4.** Defendants Equifax Information Services, LLC, Trans Union LLC, and
15 Experian Information Solutions, Inc. are hereby **DISMISSED WITH**
16 **PREJUDICE**.

17 **5.** The Clerk's Office is directed to **AMEND** the caption to read:

18 BARRY K. BROWN,

19 Plaintiff,

20 v.

ORDER **-** 4

COUNTRYWIDE HOME LOANS, INC., a California corporation; BANK OF AMERICA, N.A., a national bank doing business in Washington state; NORTHWEST TRUSTEE SERVICES, INC., a trustee doing business in Washington state; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., aka MERS, a corporation doing business in Washington state; FIRST AMERICAN TITLE COMPANY, successor in interest to Pacific Northwest Title Company, a Trustee doing business in Washington state; NATIONSTAR MORTGAGE, LLC, a limited liability company; and DOES 1-100, inclusively and All Persons Unknown, Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or Interest In The Property Described In The Complaint Adverse To Plaintiff's Title, Or Any Cloud On Plaintiff's Title Thereto

                                        Defendants.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 25th day of March 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge