FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BARRY K. BROWN,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTRYWIDE HOME LOANS, INC., a California corporation; BANK OF AMERICA, N.A., a national bank doing business in Washington state; NORTHWEST TRUSTEE SERVICES, INC., a trustee doing business in Washington state; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., aka MERS, a corporation doing business in Washington state; NATIONSTAR MORTGAGE, LLC, a limited liability company; and DOES 1-100, inclusively and All Persons Unknown, Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or Interest In The Property Described In The Complaint Adverse To Plaintiff's Title, Or Any Cloud On Plaintiff's Title Thereto,<br><br>　　　　　　　Defendants. | No.　2:15-CV-0199-SMJ<br><br>**ORDER** |

　　This matter comes before the Court on a motion to dismiss by Defendants Mortgage Electronic Registration Systems, Inc., Nationstar Mortgage, and Northwest Trustee Services, Inc., ECF No. 23. Having thoroughly considered the

ORDER **-** 1

parties' briefing and the relevant record, the Court grants the motion for the reasons explained below.

On May 26, 2015, plaintiff a complaint against the present movants alleging claims for negligence, fraud, violations of the Washington Deed of Trust Act, accounting, breach of contract, unjust enrichment, quiet title, declaratory relief, injunctive relief, violations of the Fair Credit Reporting Act, and violations of the Racketeer Influenced Corrupt Organizations Act.

These defendants ask the Court to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

To grant a motion to dismiss, the court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). To survive a motion to dismiss, a plaintiff must first include a short and plain statement of the claim showing that he or she is entitled to relief. Fed. R. Civ. Proc. 8(a)(2).

**A.    Negligence**

Plaintiff alleges that the defendants breached their duty to maintain proper and accurate loan records by failing to properly credit loan payments, preparing and filing false documents, and foreclosing on his property without legal authority

or proper documentation. Plaintiff alleged that this caused his credit score to decrease and his tax liability to increase. ECF No. 1 at 17.

To state a claim for negligence, a plaintiff must prove (1) the defendant owed plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach damaged plaintiff, and (4) defendant's breach was the proximate cause of plaintiff's damages. *Ranger Ins. Co. v. Pierce Cnty.,* 164 Wn.2d 545, 554, 192 P.3d 886 (2008).

Brown alleges that all defendants breached their duty of care to "exercise reasonable care and skill to maintain proper and accurate loan records" by "failing to properly and accurately credit payments made by Plaintiff toward the loan, preparing and filing false documents, and foreclosing on the Subject Property without having the legal authority and/or proper documentation to do so." ECF No. 1 at 17.

The movants make a number of arguments in support of summary judgment on this cause of action. While some of these arguments may apply, the fundamental problem with Brown's complaint is that it is insufficiently specific to permit the Court to evaluate whether these arguments apply. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires plaintiffs to include "a short and plain statement of the claim showing that" they "are entitled to relief". Brown's complaint does not meet the Rule 8 standard.

**B.    Fraud**

Under Washington law, a claim for fraud has the following nine elements: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff. *Stiley v. Block*, 130 Wash.2d 486, 505, 925 P.2d 194 (1996). To survive a motion to dismiss, a complaint must plead allegations of fraud with particularity. Fed. R. Civ. Proc. 9(b). The complaint must include an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

While Brown brings a fraud claim against "all defendants individually and as agents of other defendants," he only makes specific allegations of fraud against Bank of America. ECF No. 1 at 18. As to the moving defendants, Brown's allegation of fraud fails to comply with Rule 9(b).

**C.    Washington Deed of Trust Act**

In this case, it is undisputed that no foreclosure sale has occurred. Accordingly, Brown's claim under the Deed of Trust Act fails because the Act "does not create an independent cause of action for monetary damages where no

foreclosure sale has been completed." *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn.2d 412, 417, 334 P.3d 529 (2014).

**D.    Accounting**

A claim for an accounting must be accompanied by an allegation that there is a fiduciary relationship between the parties or that the account is so complicated that it cannot conveniently be taken in an action at law. *State v. Taylor*, 58 Wn.2d 252, 262, 362 P.2d 247 (1961). Brown alleged neither requisite. Accordingly, his claim for an accounting fails.

**E.    Unjust enrichment and promissory estoppel**

In Washington, unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it. *Young v. Young*, 164 Wn.2d 477, 484, 191 P.3d 1258 (2008). A party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract (like unjust enrichment and promissory estoppel) relating to the same matter, in contravention of the express contract. *Chandler v. Wash. Toll Bridge Auth.*, 17 Wn.2d 591, 604, 137 P.2d 97 (1943). Here, it is undisputed that the relationship between the parties was controlled by contracts—the note and deed of trust. Accordingly, these claims fail.

//

ORDER **-** 5

### F. Quiet title

In Washington, actions to quiet title resolve competing claims of ownership or the right to possess property. *Kobza v. Tripp*, 105 Wn. App. 90, 95, 18 P.3d 621 (2001). The problem here is that none of the defendants are claiming a right to own or possess the subject property. And Brown does not allege that he has satisfied the terms of the deed of trust. So there is nothing to resolve by quiet title action. Accordingly, it fails.

### G. Declaratory & injunctive relief

As the defendants point out, declaratory and injunctive relief are remedies—not independent causes of action. Accordingly, these bare claims for declaratory or injunctive relief fail.

### H. Racketeer Influence Corrupt Organizations Act

To establish the basic elements of a civil RICO claim, a private plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985). "Racketeering activity" includes a long list of statutorily defined predicate acts such as mail and wire fraud, bank fraud, money laundering, and transacting in stolen property. 18 U.S.C. § 1961(1)(B).

Plaintiffs must allege with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme. *Lancaster*

*Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). Because Brown does not allege anything related to his RICO claim with particularity, it fails.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants Nationstar Mortgage, MERS, and Northwest Trustee Services' Motion to Dismiss, **ECF No. 23**, is **GRANTED**.

2. Nationstar Mortgage, MERS, and Northwest Trustee Services are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 30th day of March 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge