UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BARRY K. BROWN,<br><br>                Plaintiff,<br><br>      v.<br><br>COUNTRYWIDE HOME LOANS, INC., a California corporation; BANK OF AMERICA, N.A., a national bank doing business in Washington state; and DOES 1-100, inclusively and All Persons Unknown, Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or Interest In The Property Described In The Complaint Adverse To Plaintiff's Title, Or Any Cloud On Plaintiff's Title Thereto,<br><br>                Defendants. | No.   2:15-CV-0199-SMJ<br><br>**ORDER** |

    This matter comes before the Court on a motion to dismiss by Defendants Bank of America, N.A., and Countrywide Home Loans, Inc., ECF No. 8. Having thoroughly considered the parties' briefing and the relevant record, the Court grants the motion.

    To grant a motion to dismiss, the court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most

ORDER **-** 1

favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

**A.     Negligence**

To state a claim for negligence, a plaintiff must prove (1) the defendant owed plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach damaged plaintiff, and (4) defendant's breach was the proximate cause of plaintiff's damages. *Ranger Ins. Co. v. Pierce Cnty.,* 164 Wn.2d 545, 554, 192 P.3d 886 (2008).  Negligence claims are subject to a 3-year statute of limitations. RCW 4.16.080(4).

Brown alleges that Bank of America breached its duty of care to "exercise reasonable care and skill to maintain proper and accurate loan records" by "failing to properly and accurately credit payments made by Plaintiff toward the loan, preparing and filing false documents, and foreclosing on the Subject Property without having the legal authority and/or proper documentation to do so." ECF No. 1 at 17.

This claim is precluded by the economic loss rule. The economic loss rule bars recovery for alleged breach of tort duties where a contractual relationship exists and the losses are economic losses. *Alejandre v. Bull*, 159 Wn.2d 674, 683, 153 P.3d 864 (2007).   The  economic  loss  rule  applies  here  because  Brown

ORDER **-** 2

attempts to base a negligence claim on the breach of a duty Bank of America assumed by contract in the note and claims monetary damages.

**B.     Fraud**

A claim for fraud has the following nine elements: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff. *Stiley v. Block*, 130 Wash.2d 486, 505, 925 P.2d 194 (1996). To survive a motion to dismiss, a complaint must plead allegations of fraud with particularity. Fed. R. Civ. Proc. 9(b).

Fraud claims must be brought within 3 years of the plaintiff's discovery of the facts constituting the fraud. RCW 4.16.080(4).  And a person who sues for fraud which occurred more than 3 years previously has the burden of proving that the fraud was not discovered more than 3 years before the commencement of the action. *Sherbeck v. Lyman's Estate*, 15 Wn. App. 866, 870, 552 P.2d 1076 (1976).

Brown alleges that the predicate communication between himself and Bank of America's agent, Guzman, occurred in December of 2009—approximately 6 years ago.

ORDER **-** 3

Bank of America asserts that the 3-year statute of limitations bars Brown's fraud claim. In Brown's response, he asserts that equitable tolling <u>may</u> apply.

> BOA's position is that the statutes estop claims, if they are filed late. While correct in principle, BOA omits something critical. Within the fabric of these statutes are built-in *exceptions*, that even if the time frames are correct, BOA lawyers errantly overlook, such as "tolling" provisions [e.g., fraud and deceit] or the inability to establish exactly when the predicate effect of the statutes should be triggered.

ECF No. 21 at 6. He also notes that the doctrine of continuing harm may apply. ECF No. 21 at 6–7. Crucially, Brown does not actually allege that tolling *does* apply, or any facts suggesting he did not discover the basis for fraud more than 3 years before filing suit. Accordingly, the Court concludes that this claim is time-barred.

Brown's fraud claim is dismissed with prejudice.

**C.    Foreclosure Fairness Act**

Brown alleges that he did not receive proper notice of his right to mediate under RCW 61.24.163. But it is clear from the Notice of Default and the Notice of Trustee's Sale issued in this case that Brown was notified of his statutory right to mediate. ECF No. 1 at 43 (notice of default); ECF No. 1 at 44-45 (notice of trustee's sale). And Brown does not allege that he requested mediation or that Bank of America failed to mediate in good faith. Accordingly, his FFA claim fails.

**D.    Washington Deed of Trust Act**

ORDER - 4

In this case, it is undisputed that no foreclosure sale has occurred. Accordingly, Brown's claim under the Deed of Trust Act fails because the Act "does not create an independent cause of action for monetary damages based on alleged violations of its provisions where no foreclosure sale has been completed." *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wn.2d 412, 417, 334 P.3d 529 (2014).

**E.    Accounting**

A claim for an accounting must be accompanied by an allegation that there is a fiduciary relationship between the parties or that the account is so complicated that it cannot conveniently be taken in an action at law. *State v. Taylor*, 58 Wn.2d 252, 262, 362 P.2d 247 (1961). Brown alleged neither requisite. Accordingly, his claim for an accounting fails.

**F.    Breach of contract**

The elements of a breach of contract claim are: (1) the existence of a valid contract between the parties, (2) defendant's breach, and (3) damages. *See Hearst Communications Inc. v. Seattle Times*, 154 Wn.2d 493, 115 P.3d 262 (2005).

Brown alleges that Bank of America and Countrywide breached the "original loan agreement", the note, and the deed of trust.

> The Foreclosing Defendants breached the note terms and implied conditions by failing to properly keep accurate books and records and properly and accurately apply the payments made by Plaintiff to Plaintiff's loan, the result of which led to the Foreclosing Defendants attempted foreclosing on the Subject Property now owned by grant deed by plaintiff.

ORDER - 5

ECF No. 1 at 21.

Bank of America asserts that Brown failed to state a claim for breach of contract.

> Plaintiff does not allege facts which are capable of demonstrating a claim for breach of contract. Plaintiff comes forward with no facts demonstrating the relevant terms of the purported contract nor does he allege facts demonstrating how BANA breached any provision, much less any resulting damages. Indeed, Plaintiff fails to reference any provisions of his contract with BANA that are at issue. Plaintiff- at a minimum - is required to allege facts showing a valid contract, what provision of the contract he is suing under, and facts demonstrating how BANA breached such provision. Plaintiff fails to do so here. Merely alleging, without any supporting facts of any kind, that BANA has failed to properly account for payments, is insufficient to state a claim for breach.

ECF No. 1 at 12.  The Court agrees and dismisses the claim without prejudice.

**G.     Unjust enrichment and promissory estoppel**

Brown alleges that Bank of America was unjustly enriched when it received "sums of money in excess of the sums that should have been paid and credited under the guarantee covenant made with BOA's de Guzman, which was breached". ECF No. 1 at 22.  The only reference to promissory estoppel is in the heading of his sixth cause of action—he does not allege any facts supporting that claim.

Unjust enrichment is a type of implied contract.  A party to a valid express contract (like a note) is bound by the provisions of that contract and may not

1 disregard it and bring an action on an implied contract related to the same matter
2 in contravention of that express contract. *Chandler v. Washington Toll Bridge*
3 *Auth.*, 16 Wn.2d 591, 604, 137 P.2d 97 (1943). Accordingly, these claims are
4 dismissed.

5 //

6 //

### H.  Quiet title

In Washington, actions to quiet title resolve competing claims of ownership or the right to possess property. *Kobza v. Tripp*, 105 Wn. App. 90, 95, 18 P.3d 621 (2001). The problem here is that none of the defendants are claiming a right to own or possess the subject property. And Brown does not allege that he has satisfied the terms of the deed of trust. *Evans v. BAC Home Loans Servicing LP*, No. c10-0656-RSM, 2010 WL 5138394, at *3 (W.D. Wash. 2010) ("Plaintiffs cannot assert an action to quiet title against a purported lender without demonstrating they have satisfied their obligations under the Deed of Trust."). So there is nothing to resolve by quiet title action. Accordingly, the claim fails.

### I.  Declaratory & injunctive relief

As the defendants point out, declaratory and injunctive relief are remedies—not independent causes of action. Accordingly, these bare claims for declaratory or injunctive relief fail.

ORDER - 7

**J.     Fair Credit Reporting Act**

Brown alleges that Bank of America and Countrywide violated sections 623(a) and 1681s-s of the Fair Credit Reporting Act (FCRA). ECF No. 1 at 27. But Brown does not explain how. To survive a motion to dismiss, a plaintiff must first include a short and plain statement of the claim showing that he or she is entitled to relief. Fed. R. Civ. Proc. 8(a)(2). Brown's FCRA claim fails for failure to comply with Rule 8(a)(2).

**K.     Racketeer Influence Corrupt Organizations Act**

To establish the basic elements of a civil RICO claim, a private plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985). "Racketeering activity" includes a long list of statutorily defined predicate acts such as mail and wire fraud, bank fraud, money laundering, and transacting in stolen property. 18 U.S.C. § 1961(1)(B).

Plaintiffs must allege with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme. *Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). Because Brown does not allege anything related to his RICO claim with particularity, it fails.

//

1  //

2  //

3  //

4  //

5  //

6  //

Accordingly, **IT IS HEREBY ORDERED**:

    **1.**    Defendants' Motion to Dismiss, **ECF No. 8**, is **GRANTED**.

    **2.**    The Clerk's Office is directed to **ENTER JUDGMENT** in favor of all defendants—including those previously terminated.

    **3.**    The Clerk's Office is further directed to **CLOSE** this case.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 27th day of April 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge